IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| RUBEN G. RODRIGUEZ AND LETICIA B. RODRIGUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>PHH MORTGAGE CORPORATION AND POWER DEFAULT SERVICES, INC.,<br><br>Defendants. | §§§§§§§§§§§§§ Civil Action No. <u>1:24-cv-00109</u> |

### NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants PHH Mortgage Corporation and Power Default Services, Inc. (collectively, "Defendants") hereby remove this action from the 138th Judicial District Court of Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division. In support of such removal, Defendants respectfully show the Court as follows:

**I.   STATE COURT ACTION**

1.   On June 25, 2024, Plaintiffs Ruben G. Rodriguez and Leticia B. Rodriguez (collectively, "Plaintiffs") filed their Original Petition and Application for Injunctive Relief and Temporary Restraining Order (the "Complaint") in the 138th Judicial District Court of Cameron County, Texas, in an action styled *Ruben G. Rodriguez and Leticia B. Rodriguez*, under Cause No. 2024-DCL-03492 (the "State Court Action").

2.	In the State Court Action, Plaintiffs seek to preclude the foreclosure sale of real property located at 4177 Scenic Lane, Harlingen, Texas 78552 (the "Property").[1] Plaintiffs allege that they submitted a loss mitigation application in September 2023, and an unspecified Defendant denied the application, stating that Plaintiffs' "payment cannot be lowered by 25%."[2] Plaintiffs further allege that an unspecified Defendant refused to accept payments from Plaintiffs "due to the past due balance on the loan."[3] Plaintiffs contend that they requested additional loss mitigation options and were told to submit another loss mitigation application.[4] Plaintiffs admit that they filed a Chapter 13 bankruptcy petition in January 2024, to prevent an earlier scheduled foreclosure sale.[5] After successfully thwarting the prior sale, Plaintiff allege that they submitted a new loss mitigation application in February 2024, seeking a "payment plan in order to cure the default" based on a "hardship" caused by COVID-19.[6] Plaintiffs allege that an unspecified Defendant denied Plaintiffs' second loss mitigation application in March 2024, because there were "prior application reviews that were completed during the same delinquency cycle."[7] In connection with these allegations, Plaintiffs assert claims for violation of the Texas Property Code, wrongful foreclosure, breach of contract, fraud, violation of the Deceptive Trade Practices Act ("DTPA"), and negligent misrepresentation.[8] They seek unspecified statutory and actual damages, injunctive relief, attorneys' fees, and pre- and post-judgment interest.[9]

3.	The state court issued an *ex parte* Temporary Restraining Order ("TRO") on June 26, 2024.

---

[1] *See generally* Compl.
[2] Compl. at 3–4.
[3] Compl. at 3.
[4] Compl. at 4.
[5] Compl. at 4.
[6] Compl. at 4.
[7] Compl. at 4.
[8] Compl. at 5–8.
[9] Compl. at 4, 8–12.

4. On July 10, 2024, Defendants filed their Original Answer.

5. Defendants have not yet been properly served. Thus, this Notice of Removal is timely under 28 U.S.C. § 1446(b).[10]

6. As discussed below, Defendants remove the State Court Action to this Court on the basis of diversity jurisdiction.

## II.   PROCEDURAL REQUIREMENTS

7. This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(b)(4), 1441.

8. The United States District Court for the Southern District of Texas, Brownsville Division has original jurisdiction over this action based on diversity jurisdiction, as set forth below.

9. Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule 81, this Notice of Removal is accompanied by copies of the following:

**Exhibit A**   Index of Matters Being Filed.

**Exhibit B**   Civil Cover Sheet.

**Exhibit C**   State Court Action Docket Transactions Sheet.

**Exhibit D**   Plaintiffs' Original Petition and Application for Injunctive Relief and Temporary Restraining Order.

**Exhibit E**   Order for Issuance of Temporary Restraining Order and Setting Hearing on Application for Temporary Injunction.

**Exhibit F**   Request for Citations.

**Exhibit G**   Letter Regarding Issuance of Citations for TRO.

**Exhibit H**   Certificate of Cash in Lieu of Bond.

**Exhibit I**   Citations of Personal Service.

---

[10] Nevertheless, this Notice of Removal is filed within 30 days of the suit's filing.

**NOTICE OF REMOVAL**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**PAGE 3**

  **Exhibit J** Defendants' Original Answer.

  **Exhibit K** List of all Counsel of Record.

  **Exhibit L** Cameron Appraisal District Real Property Details.

  **Exhibit M** Deed of Trust.

10. Concurrent with the filing of this Notice of Removal, Defendants are serving Plaintiffs with a copy of the Notice of Removal and filing a copy of the Notice of Removal in the 138th Judicial District Court of Cameron County, Texas, pursuant to 28 U.S.C. § 1446(d).

### III. THIS COURT HAS DIVERSITY JURISDICTION

11. Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, an action may be removed to federal court. 28 U.S.C. §§ 1332(a) and 1441(a). Complete diversity exists in this case because Defendants are not citizens of Texas or of the same state as Plaintiffs. The amount in controversy requirement is also satisfied, as set forth below.

**A. DIVERSITY OF CITIZENSHIP**

12. For purposes of diversity jurisdiction, "[a] natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555–56 (5th Cir. 1985)). The Fifth Circuit has stated:

> In determining a litigant's domicile, the court must address a variety of factors. No single factor is determinative. The court should look to all evidence shedding light on the litigant's intention to establish domicile.

*Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996). The factors to be considered by a court include "where the litigant exercises civil and political rights, pays taxes, owns real and personal property, . . . and maintains a home for his family." *Id*. Here, all the factors point to Texas as the domicile for Plaintiffs and the status of their citizenship.

13. Plaintiffs' statements alleged in the Complaint show that Plaintiffs were citizens of Texas at the time they filed this lawsuit.[11] Plaintiffs state that they reside at the Property in Harlingen, Texas, which is situated in Cameron County.[12] Notably, Plaintiffs' intent to remain in Texas indefinitely is evidenced by the State Court Action filed by Plaintiffs, seeking to preclude foreclosure of the Property.[13] Accordingly, Plaintiffs are citizens of Texas for diversity purposes.

14. PHH Mortgage Corporation ("PHH") is a citizen of New Jersey. For diversity purposes, a corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88–89 (2005). PHH was incorporated in New Jersey, and its principal place of business is also in Mt. Laurel, New Jersey. Therefore, PHH is a citizen of New Jersey for diversity purposes.

15. Power Default Services, Inc. ("PDS") is a citizen of Delaware and Georgia. For diversity purposes, a corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Roche*, 546 U.S. at 88–89. PDS was incorporated in Delaware and has its principal place of business in Georgia. Therefore, PDS is a citizen of Delaware and Georgia for diversity purposes.

16. Because Plaintiffs are not citizens of the same state as any defendant, there is complete diversity among the parties. *See* 28 U.S.C. § 1332(c)(1).

B. **AMOUNT IN CONTROVERSY**

17. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003). A defendant can meet this burden if it

---

[11] Compl. at 3.
[12] Compl. at 3.
[13] *See generally* Compl.

is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009) (mem. op.).

18. From a review of the Complaint, it is apparent that the amount at issue more likely than not exceeds $75,000, exclusive of interest and costs. Plaintiffs seeks monetary relief of not less than $250,000.[14] Plaintiff also seeks injunctive relief preventing the sale of the Property.[15] They also seek statutory damages, attorneys' fees, and pre- and post-judgment interest.[16]

19. The amount in controversy in an action for injunctive relief "is the value of the right to be protected or the extent of the injury to be prevented." *Greenberg*, 134 F.3d at 1252–53. "The amount in controversy is determined from the perspective of the plaintiff, and the proper measure is the benefit to the plaintiff, not the cost to the defendant." *Berry*, 2009 WL 2868224, at *2. When the right to property is at issue, courts look to the value of the property to determine whether the minimum amount in controversy has been met for jurisdictional purposes. *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) ("In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy."); *see also Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009) (citing *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961)). Thus, "'when . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Knox*, 351

---

[14] Compl. at 4, 12-8.
[15] Compl. at 4, 9–1.
[16] Compl. at 4, 8–12.

F. App'x at 848 (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg., L.L.C.*, 541 F. App'x 340, 342 n.2 (5th Cir. 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, 485 F. App'x 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims).

20. Plaintiffs seek to preclude Defendants from foreclosing on the Property, so the current fair market value of the Property is an appropriate measure of the value of the amount in controversy. According to the Cameron Appraisal District, this value for tax purposes is $159,383.[17] The Deed of Trust also indicates that Plaintiffs executed a promissory note for an amount that exceeds the $75,000 jurisdictional minimum.[18] Therefore, the value of the Property independently and cumulatively satisfies the amount-in-controversy requirement. *See, e.g.*, *Farkas*, 737 F.3d at 342–43.

21. In addition, the Court may consider statutory and actual damages and attorneys' fees to determine the amount in controversy. *White*, 319 F.3d at 675; *Greenberg*, 134 F.3d at 1253, n.7 (citing *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700 (S.D. Miss. 1988)); *Johnson v. Carmax Auto Superstore, Inc.*, Civ. A. No. SA–08–CA–820–FB, 2008 WL 5686083, at *3 (W.D. Tex. Dec. 22, 2008) (considering attorney's fees, common law damages, statutory damages, and treble damages in determining the amount in controversy). Here, Plaintiffs request "monetary relief of over $250,000 or more."[19] Plaintiffs also request statutory damages and an award of attorneys' fees.[20]

---

[17] Defendants request that the Court take judicial notice of **Exhibit L,** pursuant to Federal Rule of Evidence 201. FED. R. EVID. 201. The Appraisal District value is not offered as a true market value, but to show that the estimated market value exceeds the $75,000 threshold.
[18] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants respectfully request that the Court take judicial notice of **Exhibit M**. FED. R. EVID. 201.
[19] Compl. at 4.
[20] Compl. at 10–11, 13.

22. Based on the foregoing, it is apparent from the face of the Complaint, the current tax records for the Property, and the Deed of Trust for the Property that the value of the damages and injunctive relief sought by Plaintiffs more likely than not exceeds the $75,000 jurisdictional minimum. Moreover, Plaintiffs expressly request monetary damages of not less than $250,000.

23. Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and removal is proper.

### IV.  RESERVATION OF RIGHTS

24. In filing this Notice of Removal, Defendants do not waive, and specifically reserve, any and all objections as to service, objections to personal jurisdiction, defenses, rights, and motions.

### V.  CONCLUSION

WHEREFORE, Defendants remove this action from the 138th Judicial District Court of Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division, so that this Court may assume jurisdiction over this cause as provided by law.

Respectfully submitted,

/s/ *Helen O. Turner*
**B. David L. Foster – Attorney-in-Charge**
Texas Bar No. 24031555
S.D. Bar No. 35961
dfoster@lockelord.com
LOCKE LORD LLP
300 Colorado Street, Suite 2100
Austin, Texas 78701
Telephone: (512) 305-4700
Facsimile: (512) 740-8800

**Robert T. Mowrey**
Texas Bar No. 14607500
S.D. Bar No. 9529
rmowrey@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**Helen O. Turner**
Texas Bar No. 24094229
S.D. Bar No. 2924121
helen.turner@lockelord.com
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002
Telephone: (713) 226-1280
Facsimile: (713) 229-2501

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 10, 2024, a true and correct copy of the foregoing document was delivered to the following counsel of record ***via CM/ECF, CMRRR, and/or email*** consistent with the Federal Rules of Civil Procedure.

Maria B. Ramirez
ramirezlawoffice@aol.com
Texas Bar No. 16506305
VORTEX LAW GROUP
1119 E. San Antonio
El Paso, Texas 79901
Telephone: (915) 544-6115
Facsimile: (915) 544-3550

***Counsel for Plaintiffs***

*/s/ Helen O. Turner*
Counsel for Defendant